**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1705**

In re: CRYSTAL VL RIVERS,

          Petitioner.

On Petition for Writ of Mandamus. (6:18-cv-00061-EKD-JCH)

Submitted: December 4, 2020          Decided: December 29, 2020

Before MOTZ, WYNN, and RUSHING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Crystal VL Rivers, Petitioner Pro Se. Sara Bugbee Winn, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case comes before the court on a petition for writ of mandamus filed by Crystal VL Rivers under the Crime Victims' Rights Act, 18 U.S.C. § 3771 ("CVRA"). The CVRA applies to crime victims and defines "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e)(2)(A). A crime victim is entitled to reasonable protection from the accused, to notice of court proceedings, to participation in court proceedings, to confer with government counsel, to receive restitution, to proceedings free from unreasonable delay, and to be treated with fairness. 18 U.S.C. § 3771(a). These rights must be asserted in the district court and, if the district court denies relief, the movant may petition the court of appeals for a writ of mandamus. 18 U.S.C. § 3771(d)(3). If such a petition is filed, "[t]he court of appeals shall take up and decide such application forthwith within 72 hours after the petition has been filed." 18 U.S.C. § 3771(d)(3).[*] If the court of appeals denies the relief sought, "the reasons for the denial shall be clearly stated on the record in a written opinion." 18 U.S.C. § 3771(d)(3).

Rivers previously filed several CVRA motions in the district court, asserting that she is a victim of various financial frauds and accusing the Government of violating her right to confer. *See* 18 U.S.C. § 3771(a)(5). The district court denied relief, concluding, among other things, that Rivers' own submissions demonstrated that she had received ample opportunities to speak with government counsel about the alleged fraud. *See Rivers*

---

[*] Rivers has explicitly waived this requirement.

2

*v. United States*, No. 6:18-cv-00061-EKD-JCH (W.D. Va., Mar. 9 & 30, 2020).  Having reviewed the record and the petition before us, we agree that Rivers has failed to identify a CVRA violation.  Accordingly, we deny Rivers' petition, as well as her motion to hold this matter in abeyance.

*PETITION DENIED*